**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| TROY R. ROSE JR., | : | |
| | : | Civil Action No. 16-3100 (CCC) (JBC) |
| Plaintiff, | : | |
| | : | |
| v. | : | **MEMORANDUM AND ORDER** |
| | : | |
| S.C.O., et al., | : | |
| | : | |
| Defendants. | : | |

Plaintiff is proceeding, *in forma pauperis* ("IFP"), with a civil rights complaint filed pursuant to 42 U.S.C. § 1983, alleging that his constitutional rights have been violated by Defendants through the use of excessive force. Federal law requires this Court to screen the Complaint for *sua sponte* dismissal prior to service, and to dismiss any claim if that claim fails to state a claim upon which relief may be granted under Federal Rule of Civil Procedure 12(b)(6) and/or to dismiss any defendant who is immune from suit. *See* 28 U.S.C. § 1915(e)(2)(B). It appearing:

1. All claims against Defendant New Jersey Department of Corrections ("NJDOC") are dismissed, with prejudice, from this case. The Eleventh Amendment to the United States Constitution provides that, "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. As such, the Eleventh Amendment protects states and their agencies and departments from suit in federal court *regardless of the type of relief sought*. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984); *see P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139,

146 (1993) (holding that the *Ex parte Young* exception to Eleventh Amendment immunity is inapplicable to "the States or their agencies, which retain their immunity against all suits in federal court"). Section 1983 does not override a state's Eleventh Amendment immunity. *Quern v. Jordan*, 440 U.S. 332, 338 (1979). Courts have repeatedly held that NJDOC is a state agency entitled to immunity. *See, e.g., Chavarriaga v. N.J. Dep't of Corr.*, 806 F.3d 210, 224 n.9 (3d Cir. 2015) ("[T]he Court correctly dismissed the NJDOC from this case on Eleventh Amendment grounds."); *Bell v. Holmes*, No. 13-6955, 2015 WL 851804, at *3 (D.N.J. Feb. 23, 2015); *Homan v. N.J. Dep't of Corr.*, No. 13-1466 (MAS), 2014 WL 4273304, at *3 (D.N.J. Aug. 28, 2014); *Wimbush v. Jenkins*, No. 13-4654, 2014 WL 1607354, at *4 (D.N.J. Apr. 22, 2014); *Love v. Dep't of Corr.*, No. 13-1050, 2014 WL 46776, at *2 (D.N.J. Jan. 6, 2014). As such, all claims against NJDOC are dismissed with prejudice.

2. Furthermore, all claims against Defendant East Jersey State Prison are dismissed, with prejudice, from the case. To state a claim for relief under § 1983, a plaintiff must establish, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50-51 (1999); *Morrow v. Balaski*, 719 F.3d 160, 166-7 (3d Cir. 2013). However, a jail is not a "person" subject to suit under § 1983. *Boomer v. Lewis*, 541 F. App'x 186, 192 (3d Cir. 2013) ("PCCF, [a correctional facility,] to the extent Boomer was suing the facility, is not a 'person' within the meaning of 42 U.S.C. § 1983" (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989)), *Fischer v. Cahill*, 474 F.2d 991, 992 (3d Cir. 1973)); *Stevenson v. Cnty. Sheriff's Office of Monmouth*, No. 13-5953 (MAS), 2015 WL 512423, at *12 (D.N.J. Feb. 6, 2015); *Tremper v. Correct Care Solutions*, No. 13-3626, 2014 WL 320338, at *2 (D.N.J. Jan. 29, 2014); *Antoine v. Belleville Mun. Ct.*, No. 10-1212, 2010 WL 2989991, at *3

(D.N.J. July 27, 2010).   Accordingly, the Court dismisses all claims against East Jersey State Prison with prejudice.

    3.   The Court also dismisses all claims against Defendants Patrick Nogan, Gary Lanigan, Major Jones, and Sgt. Dunmar from this case.   For each of these four defendants, Plaintiff's theory of liability is that they are supervisors of Defendant S.C.O. (Unknown Attacker) ("Attacker"), who was the person that actually assaulted Plaintiff.   (*See* ECF No. 1 at 4-5 (stating that each of the four defendants had a supervisory and/or disciplinary position over the Attacker)).   However, there is no *respondeat superior* liability in § 1983 suits.   In a § 1983 claim, "[g]overnment officials may not be held liable for the unconstitutional conduct of their subordinates." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009).   "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Id.*   While affirmative action by a supervisory official is not required to state a § 1983 claim, Plaintiff must still show that "a supervisor . . . had knowledge and acquiesced in the subordinate's unconstitutional conduct." *Barkes v. First Corr. Med. Inc.*, 766 F.3d 307, 316 (3d Cir. 2014) (rev'd on other grounds); *see Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005) ("Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence.").   "[A]llegations [that] . . . merely assert their involvement in the post-incident grievance process" are insufficient to establish liability.   *Alexander v. Gennarini*, 144 F. App'x 924, 925 (3d Cir. 2005).   "Merely responding to or reviewing an inmate grievance does not rise to the level of personal involvement necessary to allege an Eighth Amendment deliberate indifference claim." *Tenon v. Dreibelbis*, 606 F. App'x 681, 688 (3d Cir. 2015).   Here, the fact that these four defendants were supervisors, alone, is insufficient to establish the personal involvement necessary to state a claim under § 1983; there are no allegations whatsoever explaining how each of these defendants may have been

personally involved in the violation, nor any allegations to support actual knowledge and acquiescence.[1]

4. The Court is mindful that Plaintiff is also asserting a policy claim against these four defendants. In order to state such a claim, the plaintiff must identify an official custom or policy that caused a constitutional deprivation. *Caldwell v. Egg Harbor Police Dep't*, 362 F. App'x 250, 251-52 (3d Cir. 2010). It is not enough that a plaintiff alleges his constitutional rights have been violated by some unidentified policy or custom—the plaintiff must point to a specific policy or custom that caused the alleged violation. *Wood v. Williams*, 568 F. App'x 100, 104 (3d Cir. 2014). "Simply paraphrasing § 1983" is insufficient to "satisfy the 'rigorous standards of culpability and causation' required to state a claim for . . . liability [based on policy or custom]." *Id.* (quoting *McTernan v. City of York*, 564 F. 3d 636, 658-59 (3d Cir. 2009)).

5. Here, the Complaint alleges there was a "code of silence" among the prison officials, which discouraged reporting and investigation of actions that violate prisoners' rights. However, that is not enough to state a claim against these four defendants. Plaintiff does not allege sufficient facts

---

[1] The Court recognizes there is case law stating that repeated written complaints to a supervisory defendant of an *ongoing* constitutional violation may be sufficient to establish the deliberate indifference by circumstantial evidence. *See, e.g., Cardona v. Warden – MDC Facility*, No. 12-7161, 2013 WL 6446999, at *5 (D.N.J. Dec. 6, 2013) (holding that plaintiff has stated a valid denial of medical services claim against the prison warden because plaintiff alleged an ongoing constitutional violation, and alleged that the warden was made aware of the ongoing violation through repeated written requests); *Carter v. Smith*, No. 08-279, 2009 WL 3088428, at *6 (E.D. Pa. Sept. 23, 2009) ("Where a grievance alleges an ongoing constitutional violation, a supervisory defendant who reviews it is personally involved in that violation because he is confronted with a situation he can remedy directly."). But, these cases require the plaintiff to establish an *ongoing* violation that can be remedied by the supervisory official. Grievances of past violations will not do because the supervisor's actions, or lack thereof, would not have caused the plaintiff additional injury. *See Robinson v. Ricci*, No. 08-2023, 2012 WL 1067909, at *10 (D.N.J. Mar. 29, 2012) (finding no personal involvement when a supervisory official was made aware of a constitutional violation after it had already occurred); *Carter*, 2009 WL 3088428, at *6 (distinguishing allegations of ongoing violations from those that already occurred). Here, Plaintiff's alleged violation is not ongoing—Plaintiff does not allege that he is being subjected to repeated use of excessive force, nor that he is in imminent danger of such use of force.

to show, beyond a speculative level, that the alleged "code of silence" policy actually caused the Attacker to assault him—there are no allegations of past assaults that occurred as a result of the alleged "code of silence," nor are there allegations that the "code of silence" had a chilling effect on prisoners, preventing them from otherwise asserting their rights. Without more, even if the Court accepts as true the allegation that there was such a "code of silence" policy in the prison, that is not enough to state a claim against these four supervisory defendants. *See Rodriguez v. Town of West New York*, 191 F. App'x 166, 168 (3d Cir. 2006) (finding plaintiff's theory, that defendants were deliberately indifferent to a policy of "code of silence," which permitted officers to act unconstitutionally, was insufficient to establish liability for excessive force claims against supervisory officials, because plaintiff did not establish that "they were aware of any previous cases of excessive use of force or malicious prosecution and acquiesced in such conduct"). Thus, Plaintiff's claims against Nogan, Lanigan, Jones, and Dunmar are dismissed without prejudice.

6. Moreover, the Court dismisses all claims against Defendant S.C.O. Patella from the case. In the Complaint, Plaintiff does not allege that Patella participated in the alleged assault; in fact, the Complaint alleges the exact opposite: that Patella was the officer who arrived at the scene after the alleged assault, and that Patella removed Plaintiff's handcuffs because he determined that Plaintiff "had done nothing wrong." (ECF No. 1 at 9.) Instead, Plaintiff's claim against Patella stems from Patella's refusal to provide Plaintiff the name of the Attacker, and Patella's failure to report the incident to supervisory officials. However, Plaintiff cites to no case, nor does the Court's research reveal any, that places a *constitutional duty* on a prison official to affirmatively report a past violation of constitutional rights, once he or she becomes aware of such violation. In addition, there is no allegation that this failure to report actually caused Plaintiff any injury—whatever injuries Plaintiff suffered from the assault had already occurred by the time Patella arrived at the

scene, and there is no allegation that this failure to report exacerbated any injury or caused any additional injury.  As such, the Court dismisses all claims against Patella without prejudice.

7.  Plaintiff additionally alleges that the "code of silence" policy in general, and Patella's refusal to provide the Attacker's actual name in particular, were denials of access to the courts. However, to state a denial of access to the courts claim, Plaintiff must assert actual injury; that is, he actually lost a legal claim he could have otherwise asserted.  *See Schreane v. Holt*, 482 F. App'x 674, 676 (3d Cir. 2012) (citing *Monroe v. Beard*, 536 F.3d 198, 205 (3d Cir. 2008)).  Given that Plaintiff is filing this lawsuit and asserting claims against the Attacker, and the Court is allowing those claims to proceed, *infra*, there can be no denial of access to the courts claims.

8.  Lastly, the balance of the Complaint is allowed to proceed past screening.  More specifically, Plaintiff's claims against the Attacker are the only claims permitted to proceed.

**IT IS** therefore on this _2 5_ day of ____Ausust____, 2016,

**ORDERED** all claims against Defendants New Jersey Department of Corrections and East Jersey State Prison are hereby **DISMISSED WITH PREJUDICE**; it is further

**ORDERED** all claims against Defendants Patrick Nogan, Gary Lanigan, Major Jones, Sgt. Dunmar, and S.C.O. Patella are hereby **DISMISSED WITHOUT PREJUDICE**; it is further

**ORDERED** Defendants New Jersey Department of Corrections, East Jersey State Prison, Patrick Nogan, Gary Lanigan, Major Jones, Sgt. Dunmar, and S.C.O. Patella are hereby **DISMISSED** from this case; it is further

**ORDERED** Plaintiff's claims against Defendant S.C.O. (Unknown Attacker) are permitted to proceed; it is further

**ORDERED** pursuant to 28 U.S.C. § 1915(d), the Clerk shall issue summons and the United States Marshal shall serve summons, the Complaint and this Order upon the remaining Defendant, with all costs of service advanced by the United States[2]; it is further

**ORDERED** pursuant to 42 U.S.C. § 1997e(g)(2), Defendant shall file and serve an answer, *see* Fed. R. Civ. P. 12(a)(1)(A); it is further

**ORDERED** pursuant to 28 U.S.C. § 1915(e)(1) and § 4(a) of Appendix H of the Local Civil Rules, the Clerk shall notify Plaintiff of the opportunity to apply in writing to the assigned judge for the appointment of pro bono counsel; and it is further

**ORDERED** if at any time prior to the filing of a notice of appearance by Defendant, Plaintiff files an amended complaint, or seeks the appointment of pro bono counsel or other relief, pursuant to Fed. R. Civ. P. 5(a) and (d), Plaintiff shall (1) serve a copy of the filing by regular mail upon each party at his last known address and (2) file a Certificate of Service.[3]

**SO ORDERED.**

Claire C. Cecchi, U.S.D.J.

---

[2]     Alternatively, the U.S. Marshal may notify defendants that an action has been commenced and request that the defendant waive personal service of a summons in accordance with Fed. R. Civ. P. 4(d).

[3]     After an attorney files a notice of appearance on behalf of a Defendant, the attorney will automatically be electronically served all documents that are filed in the case.