## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| **TROY R. ROSE JR.,** | : |
| **Plaintiff,** | : **Civil Action No. 2:16-3100 (CCC) (JBC)** |
| | : |
| **v.** | : |
| | : |
| **S.C.O.,** | : **OPINION AND ORDER** |
| | : |
| **Defendants.** | : |
| | : |
| | : |

**THIS MATTER** comes before the Court on a Motion by *pro se* Troy R. Rose, Jr., for the appointment of *pro bono* counsel pursuant to 28 U.S.C. § 1915(e). [Dkt. No. 7]. For the reasons set forth below, Plaintiff's Motion for the appointment of *pro bono* counsel is **DENIED**.

Plaintiff filed his Complaint on May 27, 2016, alleging claims of negligence and assault against certain correction officers at the East Jersey State Prison. [Dkt. No. 1]. Specifically, Plaintiff claims that a correction officer incorrectly entered his cell, utilized mace against him, and caused injuries to his neck and knee. [Dkt. No. 1]. On June 13, 2016, Plaintiff filed an application to proceed *in forma pauperis*, which the Court granted on June 21, 2016. [Dkt. Nos. 3, 4]. Plaintiff filed the present Motion for *Pro Bono* Counsel on September 6, 2016. [Dkt. No. 7].

Plaintiff seeks the appointment of counsel under 28 U.S.C. § 1915(e), which provides that "[t]he court may request an attorney to represent any person unable to afford counsel." The appointment of counsel for a civil case is a privilege, not a statutory or constitutional right. *Brightwell v. Lehman*, 637 F.3d 187, 192 (3d Cir. 2011). The decision to appoint pro bono counsel involves a two-step analysis. First, a court must determine, as a threshold matter, whether a plaintiff's claim has "some merit in fact and law." *Tabron v. Grace*, 6 F.3d 147, 155 (3d Cir. 1993). If a court finds that the action arguably has merit, it should then consider the following factors:

    (1) the plaintiff's ability to present his or her own case;

    (2) the complexity of the legal issues;

    (3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue such investigations;

    (4) the amount a case is likely to turn on credibility determinations;

    (5) whether the case will require the testimony of expert witnesses;

    (6) whether the plaintiff can attain and afford counsel on his own behalf.

*Parham v. Johnson*, 126 F.3d 454, 457 (3d Cir. 1997) (citing *Tabron*, 6 F.3d at 155-56, 157 n.5). This list is not exhaustive, but rather provides guideposts for the Court. *Montgomery v. Pinchak*, 294 F.3d 492, 499 (3d Cir. 2002) (additional citations omitted). A court's decision to appoint counsel "must be made on a case-by-case basis." *Tabron*, 6 F.3d at 157-58. Additionally, the Third Circuit has stated that "courts should exercise care in appointing counsel because volunteer lawyer time is a precious commodity and should not be wasted on frivolous cases." *Montgomery*, 294 F.3d 499 (citing *Parham*, 126 F.3d at 458).

    As an initial matter and regardless of whether or not Plaintiff's claims have merit, the factual and legal issues "have not been tested or developed by the general course of litigation, making [a number of factors] of *Parham's* test particularly difficult to evaluate." *See Chatterjee v. Philadelphia Federation of Teachers,* 2000 WL 1022979 at *1 (E.D.Pa. July 18, 2000) (stating that unlike *Parham,* which concerned a directed verdict ruling, and *Tabron,* which involved summary judgment adjudication, plaintiff's claims asserted in the complaint and motions "have barely been articulated" and have a distinctive procedural posture). With respect to the *Tabron* factors, Plaintiff has not demonstrated at this stage of the proceeding that *pro bono* counsel is warranted.

Plaintiff's filings with the Court thus far reflect literacy and the ability to reference relevant legal authority. For example, without the assistance of counsel, Plaintiff has filed a Complaint, an application for *in forma pauperis* status, and the present motion for the appointment of *pro bono* counsel. These filings themselves demonstrate that Plaintiff is able to present his case. Plaintiff claims that he needs counsel because "D.O.C.'s Correctional Officers abuse there [sic] power and a lawyer is better equipt [sic] to argue that on an [sic] legal aspect . . ." A review of Plaintiff's Complaint proves the contrary.  He has adequately set forth the facts of the incident forming the basis of this lawsuit and the injuries he allegedly sustained.

Moreover, the claims presented by Plaintiff do not appear to be complex in nature. Plaintiff's claims that he was negligently assaulted by a correctional officer are not novel.  And the degree to which factual investigations will be necessary, the extent to which the case is likely to turn on credibility determinations, and whether Plaintiff will require expert witnesses, is unclear at this early stage in the litigation.

The Court acknowledges that Plaintiff is of limited financial means and unable to afford his own counsel. While the sixth *Tabron* factor weighs slightly in Plaintiff's favor, this fact alone is not enough to justify the appointment of counsel. *See Christy v. Robinson*, 216 F. Supp. 2d 398, 410 (D.N.J. 2002) (denying application for pro bono counsel where indigency was the only one of the six factors . . . weigh[ing] in favor of appointment of counsel).  It must be weighed in conjunction with the lack of funding to pay appointed counsel, the limited supply of comptent lawyers willing to do pro bono work, and the value of a lawyer's time.  *See Jenkins v. D'Amico*, Civ. Action No. 06-2027, 2006 WL 2465414, at *1 (D.N.J. Aug. 22, 2006) (citing *Tabron*, 6 F.3d at 157-58).

The Court recognizes that issues may arise throughout the course of this litigation which may raise a question as to Plaintiff's need for counsel. The Court will monitor the considerations raised by Plaintiff's Motion throughout case management and, as the case progresses, may consider a renewed motion for the appointment of counsel. However, at this stage of the litigation, the Court finds that the *Tabron* factors weigh against appointment. In the event that Plaintiff renews his application for *pro bono* counsel in the future, the Court instructs Plaintiff to address the *Tabron* factors set forth above.

The Court having considered this matter pursuant to Fed. R. Civ. P. 78, and for good cause shown;

**IT IS** on this 22nd day of March, 2017,

**ORDERED** that Plaintiff's Motion for the appointment of *pro bono* counsel [Dkt. No. 7] is **DENIED WITHOUT PREJUDICE**.


  _s/ James B. Clark, III_____
**JAMES B. CLARK, III**
**United States Magistrate Judge**

4